KNOLL, J.,
dissenting in part.
pin my view, respondent’s conduct merits, at the very minimum, disbarment because his conduct in the Melanie Williams matter concerns fundamentally immoral violations. He used the legal profession to cover up and assist him in his prurient interests with a client to advance his sexual fantasy of romance outside of his marriage to the extent of secreting substantial sums of money in his trust account, which in turn led to misrepresenting the accountability of those funds, thus committing further fundamentally immoral violations. Respondent’s immoral conduct had a domino effect of furthering immoral conduct that directly involved the legal profession.
Such conduct approaches the sanction of permanent disbarment, as the trustworthiness of the lawyer is severely diminished, if not totally obliterated. The harm to our time-honored profession is great. Indeed, this conduct provides the fodder for and is the brunt end of disdainful jokes about our profession.
It cannot be gainsaid that respondent has the right to be a fool, but when he voluntarily exercises such stupidity involving our time-honored profession, he disgraces his license to practice law. At a minimum, he is worthy of being disbarred.
For these reasons, I respectfully dissent.